UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| HELEN NKONGLAK, | * |
|   Petitioner, | * |
|     v. | *   Civil Action No. PX-21-925 |
| ATTORNEY GENERAL MERRICK GARLAND, *et. al.*, | * |
|   Respondent. | * |

***

**MEMORANDUM OPINION AND ORDER**

Petitioner Helen Nkonglak has filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, asking this Court to release her from a final removal order and to direct the reopening of her immigration proceedings so that she may advance new claims. ECF No. 1. On February 7, 2022, Respondent, Attorney General Merrick Garland, moved to dismiss the Petition for lack of subject matter jurisdiction. ECF No. 8. The Court has reviewed the pleadings and finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the following reasons, Respondent's motion is granted, and the Petition is denied and dismissed.

According to Respondents, Nkonglak entered the United States on February 3, 2006, with a B2 non-immigrant visitor visa and a passport issued under the name Jacqueline Kabu Tshiangula. *See* ECF No. 8-1 (Decl. of Adam Tierney). Respondents maintain that Nkonglak overstayed that visa, and so United States Citizenship and Immigration Services initiated removal proceedings pursuant to the Immigration and Nationality Act ("INA") § 237(a)(1)(b). ECF No. 8-1 ¶ 4. Nkonglak adds that she entered the United States on August 7, 2006, with "arranged travel documents" and applied for asylum, but her application was denied. ECF No. 1 at 4. On June 12, 2008, Nkonglak received a final order of removal to Cameroon, but

subsequently appeared before immigration authorities and was processed and released the same day under an order of supervision.  *Id.* ¶¶ 5–6.  Currently, Nkonglak is subject to a final removal order.  ECF Nos. 1 at 10; 8 at 1–2.

In March 2011, Nkonglak moved to reopen removal proceedings, alleging ineffective assistance of counsel.  ECF No. 1 at 4.  The request was denied.  *Id.*  Nearly ten years later, in January 2020, Nkonglak filed a second motion to reopen in which she reasserted her ineffective assistance claims and argued that "changed country conditions" in Cameroon warranted reopening.  *Id.*  The Board of Immigration Appeals ("BIA") denied that motion, and Nkonglak moved for reconsideration.  *Id.*; ECF No. 8 at 2.  The BIA also denied the motion for reconsideration.  ECF No. 8 at 2.

Nkonglak next appealed to the Fourth Circuit the BIA's denial of the second motion to reopen and the motion for reconsideration.  *Id.*; *see also Nkonglak v. Garland*, No. 21-1224, 2022 WL 34140, at *1 (4th Cir. Jan. 4, 2022) (per curiam) (unpublished).  While the appeal was pending, Nkonglak filed the Petition in this Court on April 13, 2021.  In this Petition, Nkonglak asks this Court to "vacat[e]" her final removal order and order that her immigration matter be reopened.  ECF No. 1 at 10.

The Fourth Circuit has since issued its decision affirming in part and dismissing in part Nkonglak's appeal.  *See Nkonglak*, 2022 WL 34140, at *1.  As to the appeal from the denial of the motion to reopen proceedings, the Fourth Circuit dismissed the appeal as untimely filed.  *Id.*  As to the appeal from the order denying reconsideration, the Court affirmed the BIA's decision.  *Id.*  Thus, the order of removal remains valid and enforceable.

Respondent now argues that the Court lacks jurisdiction over the Petition.  ECF No. 8.  The Court agrees.  Indisputably, "Congress has specifically prohibited the use of habeas corpus

petitions as a way of obtaining review of questions arising in removal proceedings." *Johnson v. Whitehead*, 647 F.3d 120, 124 (4th Cir. 2011); *see also Bah v. Immigration ICE Office (INS)*, No. PX-21-2806, 2022 WL 1642257, at *1 (D. Md. May 24, 2022) (quoting *Johnson*, 647 F.3d at 124). Rather, "the sole and exclusive means for judicial review of an order of removal" is "a petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(5); *see also* 8 U.S.C. § 1252(b)(9) ("Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove a[] [noncitizen] from the United States under this subchapter shall be available only in judicial review of a final order under this section."); *Jalloh v. Kavanagh*, No. DKC 19-2258, 2019 WL 3766612, at *1 (D. Md. Aug. 9, 2019) (noting that 8 U.S.C. § 1252(a)(5) "precludes district courts from hearing a challenge, be it direct or indirect, to an order of removal").

Here, the Petition squarely challenges the merits of the removal order. *See* ECF No. 1. Specifically, Nkonglak argues that the order is constitutionally flawed because the Government "never established alienage," *id.* at 6, and that the removal proceedings were "fundamentally unfair" because she had received ineffective assistance of counsel. *Id.* at 7. Pursuant to the INA, however, such challenges can only be brought before the Fourth Circuit. 8 U.S.C. § 1252(a)(5). The Petition, therefore, must be denied.

When the Court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues

presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Nkonglak fails to meet this standard. Thus, this Court will not issue a certificate of appealability. Nkonglak is free to seek a certificate from the Fourth Circuit. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

Accordingly, it is this 25th day of July 2022, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Respondent's Motion to Dismiss (ECF No. 8) is GRANTED;

2. The Petition for a Writ of Habeas Corpus (ECF No. 1) is DISMISSED;

3. A Certificate of Appealability SHALL NOT ISSUE;

4. The Clerk SHALL MAIL a copy of the foregoing Memorandum Opinion and this Order to Nkonglak and TRANSMIT a copy to counsel for Respondent; and

5. The Clerk SHALL CLOSE this case.

July 25, 2022  
Date

\_\_\_/S/_____  
Paula Xinis  
United States District Judge